UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TEAMSTERS LOCAL 456 PENSION, HEALTH
& WELFARE, ANNUITY, EDUCATION &
TRAINING, INDUSTRY ADVANCEMENT,
AND LEGAL SERVICES FUNDS by Louis A.
Picani, Joseph Sansone, Dominick Cassanelli, Jr.,
Roger Taranto, Ross Pepe, Jeffrey Isaacs, John T.
Cooney, Jr. and Simone Almeida as Trustees and
fiduciaries of the Funds, and WESTCHESTER          **OPINION & ORDER**
TEAMSTERS LOCAL UNION NO. 456,
                                                   No. 24-CV-3560 (CS)
                              Plaintiffs,

    - against -

K&D INDUSTRIES OF NY, LLC and KARL
BJORKLAND, individually,

                              Defendants.
-------------------------------------------------------------x

Appearances:

Daniel Kornfeld
Blitman & King LLP
Syracuse, New York
*Counsel for Plaintiffs*

Seibel, J.

      Before the Court is the unopposed motion for entry of judgment in favor of Plaintiffs Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds (the "Funds") and Westchester Teamsters Local Union No. 456 (the "Union"). (ECF No. 13.) For the following reasons, the motion is GRANTED.

**I.    BACKGROUND**

      The Funds are multiemployer benefit plans pursuant to the Employee Retirement Income Security Act ("ERISA"), and are administered in Elmsford, New York. (ECF No. 1 ("Compl.")

¶ 7.)  The Union is a labor organization within the meaning of Section 301(a) of the Labor Management Relations Act ("LMRA").  (*Id.* ¶ 9.)  Defendants K&D Industries of NY, LLC ("K&D") is incorporated and has its principal place of business in New York.  (*Id.* ¶ 10.) Defendant Karl Bjorkland is an owner, officer, and agent of K&D.  (*Id.* ¶ 11.)  The Union and K&D are parties to a collective bargaining agreement requiring that K&D remit to Plaintiffs, based on hours worked by K&D's employees, (1) contributions to multiemployer benefit plans and (2) deductions from employees' wages for union dues and related obligations.  (*Id.* ¶¶ 17-22, 25; ECF No. 14 ("Ritch Aff.") Exs. 1, 2.)

On May 9, 2024, Plaintiffs commenced this action to collect unpaid fringe benefit contributions and deductions, plus interest, liquidated damages, attorneys' fees, and costs.  (*See generally* Compl.)  On June 11, 2024, the parties entered into an Agreement to Extend Time for the Payment of Monies Due, (ECF No. 10 at 5-9), pursuant to which Defendants signed a Promissory Note, (*id.* at 10-11), and an Affidavit and Stipulation (Confession) for Entry of Judgment, (*id.* at 12-18).  As a result of this settlement, the Court so-ordered a Stipulation of Conditional Discontinuance.  (ECF No. 11.)  On February 6, 2025, the parties submitted revised settlement documents.  (ECF No. 12.)  The revised Agreement to Extend Time for the Payment of Monies Due provides that Defendants

> owe the total sum of $179,438.90 to the Funds and the Union representing:  (1) $151,344.56 in contributions and deductions related to work in covered employment during the period December 1, 2023 through December 31, 2024; (2) $944.77 in pre-settlement interest; (3) $6,565.96 in amortized interest; (4) $17,274.50 in liquidated damages; and (5) $3,309.11 in attorneys' fees and costs through January 15, 2025.

(ECF No. 12 at 3-7 (the "Agreement") ¶ 1.)  Under the Agreement, Defendants agreed to pay $162,164.40 – which represents the total due less liquidated damages – by consecutive monthly payments of $6,756.85 beginning on February 1, 2025 and concluding on January 1, 2027.  (*Id.*

2

¶ 2.) The Agreement permits Plaintiffs to seek an entry of judgment in accordance with the Confession of Judgment, (*id.* ¶ 6), which provides:

> If the [Defendants] default . . . , the Funds and Union are entitled, without notice to the [Defendants] of said default and without demand upon the [Defendants] to cure the default, to file this Affidavit and Stipulation (Confession) for Entry of Judgment with the United States District Court for the Southern District of New York and a judgment will be taken against the [Defendants] for $179,438.90, less payments made . . ., plus any and all attorneys' fees and costs incurred since January 15, 2025 by the Funds and Union in connection with any efforts to collect any debt of the [Defendants] . . . .

(ECF No. 12 at 10-16 ("Conf. of Jdg.") ¶ 16.)

On or about July 1, 2025, Defendants failed to remit a monthly payment to Plaintiffs. (Ritch Aff. ¶ 12.) The Funds sent a notice of default to Defendants, but Defendants failed to cure the default. (*Id.* ¶ 13.)[1] Consequently, on July 11, 2025, Plaintiffs filed the instant motion, seeking entry of judgment in the amount of $117,560.31,[2] plus interest thereon at the rate provided by 28 U.S.C. § 1961(a), together with attorneys' fees, costs, and disbursements. (ECF No. 13.) The fourteen days to oppose the motion has passed, *see* Local Rule 6.1(b),[3] and no opposition has been received.

---

[1] The settlement documents provide that Defendants are entitled to a ten-day grace period, such that a payment will be timely if received on or before the eleventh day of the month. (Agreement ¶ 2; ECF No. 12 at 8; Conf. of Jdg. ¶ 7.) The Ritch Affidavit averring that Defendants did not cure is dated July 9, 2025. Counsel did not file the motion until July 11, 2025, and I assume would not have done so had Defendants made the payment on or before that date. But in an excess of caution, before judgment is entered, Plaintiffs shall submit an affidavit confirming that the July payment was not made on or before July 11, if that is in fact the case.

[2] Plaintiffs did not provide a calculation for the judgment sought, but the Court determined that the amount sought by Plaintiffs is equal to $151,344.56 in unpaid contributions and deductions, less $33,784.25, which is the total of the five monthly payments of $6,756.85 made from February 1, 2025 through June 1, 2025.

[3] Counsel for Plaintiffs has certified that he served the motion on the individual Defendant by mail and on the corporate Defendant by mail and email, and that he also served them "by electronically filing [the relevant] materials with the United States District Court Clerk using the CM/ECF systems that sent copies to attorneys of record in accordance with the applicable procedures." (ECF No. 16 at 1.) That last part cannot be true, as no attorneys have

3

## II.    DISCUSSION

"Judgment by confession is a product of state law, having no analog in the federal rules." *Bellridge Cap., LP v. EVmo, Inc.*, No. 21-CV-7091, 2023 WL 8622250, at *3 (S.D.N.Y. Dec. 12, 2023).[4]  "A district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." *Id.* "Nevertheless, a federal court has the power and authority to enter a judgment pursuant to a Confession of Judgment as long as subject matter jurisdiction exists and the Confession of Judgment was voluntarily, knowingly and intelligently made." *Gonzalez v. Trees R US Inc.*, No. 14-CV-7487, 2021 WL 7283081, at *2 (E.D.N.Y. Mar. 31, 2021).  "Where the confession of judgment satisfies these factors, the federal court may enter judgment as permitted by the law of the state in which the court is located." *Sapon v. Hanbat Rest., Inc.*, No. 18-CV-11457, 2021 WL 621170, at *1 (S.D.N.Y. Feb. 16, 2021).

New York law provides that "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant." N.Y. C.P.L.R. § 3218(a).[5]  The affidavit must:  (1) "stat[e] the sum for which judgment may be entered, authoriz[e] the entry of judgment, [and] stat[e] the county where the defendant resides,"

---

appeared in the case for Defendants and thus the CM/ECF system would not forward any filings to them.  Counsel for Plaintiffs must be more careful in the future.  Even assuming that postal mail sent on July 11, 2025 did not reach Defendants until July 16, however, more than fourteen days have passed.

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[5] There is one exception to this rule, not applicable here, concerning confessions of judgment before default on certain installment contracts for the purchase of commodities.  *See* N.Y. C.P.L.R. § 3201.

*id.* § 3218(a)(1); (2) "if the judgment to be confessed is for money due or to become due, stat[e] concisely the facts out of which the debt arose and show[] that the sum confessed is justly due or to become due," *id.* § 3218(a)(2); and (3) "if the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability, stat[e] concisely the facts constituting the liability and show[] that the sum confessed does not exceed the amount of the liability," *id.* § 3218(a)(3).

Here, the Court has subject matter jurisdiction over the action. "In order to retain jurisdiction following the settlement and dismissal of a case, a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Gonzalez*, 2021 WL 7283081, at *3. The Stipulation of Conditional Discontinuance provides that "[t]his Court shall expressly maintain and retain jurisdiction over this action, the settlement, and the parties for purposes of enforcing the settlement, obtaining compliance with the terms of the settlement, and allowing Plaintiffs to proceed against the Defendants in accordance with the terms and conditions of the settlement." (ECF No. 11 ¶ 2.) This Court thus has jurisdiction to enforce the settlement.

Moreover, nothing in the record suggests that Defendants executed the Confession of Judgment in a manner that was not voluntary, knowing and intelligent. The Confession of Judgment is signed by Bjorkland individually and as a representative of K&D Industries, and it is notarized. (Conf. of Jdg. at 7.) *See Xerox Corp. v. W. Coast Litho, Inc.*, 251 F. Supp. 3d 534, 539 (W.D.N.Y. 2017) (affidavits voluntarily, knowingly and intelligently executed where they were signed and notarized).

Finally, the Confession of Judgment meets the requirements of CPLR § 3218(a). It states the sum for which judgment may be entered ($179,438.90 less payments made pursuant to the

5

Settlement Agreement, plus attorneys' fees and costs), (Conf. of Jdg. ¶¶ 5, 16); authorizes entry of judgment in the United States District Court for the Southern District of New York, (*id.* ¶ 3); *see Gonzalez*, 2021 WL 7283081, at *2 (affidavit satisfied CPLR § 3218(a) where it authorized entry of judgment in a specific court, *i.e.*, Eastern District of New York, rather than a specific county); and summarizes the facts out of which the debt arose and the basis for the sum due, (*id.* ¶¶ 4, 6-7).

The Court therefore concludes that Plaintiffs are entitled to entry of judgment, in accordance with the Settlement Agreement and the Confession of Judgment, in the amount of $117,560.31, which represents $151,344.56 in unpaid contributions and deductions, less $33,784.25 already paid by Defendants.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for entry of judgment is GRANTED.  The Court will, upon fulfillment of the conditions set forth below, direct the Clerk of Court to enter judgment in favor of Plaintiffs in the amount of $117,560.31, with interest at the statutory rate set forth in 28 U.S.C. § 1961(a) from the date of entry of judgment until the date of payment.

The Court further grants Plaintiffs' request for attorneys' fees and costs.  Before this Court can enter that award, however, Plaintiffs must set forth the amount of attorneys' fees and costs it seeks, supported by an affidavit or declaration attaching contemporaneous billing records and an itemization of costs.  Plaintiffs shall submit the necessary supporting documents, as well as the affidavit described in footnote 1, by August 15, 2025, with any opposition due August 29, 2025.

The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 13).

**SO ORDERED.**

Dated: August 1, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.